UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARRIE M. HALL,<br><br>                    Plaintiff,<br><br>          v.<br><br>STEVE CAULDWELL,<br><br>                    Defendant. | CASE NO.  C10-5473RBL/JRC<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

This 42 §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b) (1) (A) and (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.

Plaintiff alleges that she was assaulted by a correctional officer at the Cowlitz County Jail (Dkt. # 1, proposed complaint). She does not allege she suffered any physical injury as a result of the assault. Nor does she describe the nature of the assault. She seeks unspecified monetary damages (Dkt. # 1 proposed complaint). The court has reviewed the complaint and finds the document deficient.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

ORDER - 1

United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979).

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees by prohibiting the State from punishing them. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Courts often employ the Eighth Amendment standards in analyzing claims determining rights of a pretrial detainee. See Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986).

The use of excessive force by a law enforcement officer states a valid claim under 42 U.S.C. § 1983. The threshold inquiry for such a claim is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 5 (1992). The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Graham v. Connor, 490 U.S. 386, 397 (1989).

     De minimis (minimum) contact does not rise to the level of a constitutional violation. Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.) *cert. denied*, 414 U.S. 1033 (1973). De minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind, does not violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1 (1992), *quoting* Whitley v. Albers, 475 U.S. 312, 327 (1986).

     Plaintiff may be able to state a claim, but she will need to provide additional facts as to the circumstances of the assault and what if any injury she suffered. Plaintiff will have until **September 10, 2010**, to provide an amended complaint that cures the defects noted above. Failure to file an amended complaint or cure the defects will result in a report and recommendation that this action be dismissed for failure to state a claim. That dismissal would count as a strike pursuant to 28 U.S.C. 195(g).

     The Clerk is directed to send plaintiff a copy of this Order and note the September 10, 2010, due date on the court's calendar.

     DATED this 9th day of August, 2010.

J. Richard Creatura  
United States Magistrate Judge

ORDER - 3